# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|       Petitioner ) | |
| ) | |
| v. ) | Civil Action No. 12-12241-IT |
| ) | |
| LEONARD MOTON, ) | |
| (Reg. No. 44066-007) ) | |
|       Respondent ) | |

## ORDER OF CONDITIONAL RELEASE

Pursuant to 18 U.S.C. § 4246(e)(2)(A) and (B), Respondent, Leonard Moton, is to be released from hospitalization in the custody of the Attorney General of the United States under the following conditions:

1. Mr. Moton will reside in Washington, D.C. once a bed becomes available at a placement identified in collaboration with Department of Behavioral Health, Green Door, DC Housing and his United States Probation Officer. Any changes in residence must be approved through his United States Probation Officer.

2. Mr. Moton shall participate in mental health and substance abuse services deemed necessary through The Green Door, 1221 Talyor St, NW, Washington DC 2001, telephone number 202-646-9200. Mr. Moton will comply with treatment recommendations made by his probation officer or by the mental health professionals. This is to include long acting injections should they be prescribed by his doctor.

3. Mr. Moton will be monitored by mental health professionals and his probation officer for evidence of psychiatric difficulties and will continue to take medication, which may include injectable medications, as ordered, and which may be adjusted by his clinicians.

4. Mr. Moton will consent to have Social Security appoint a Representative Payee for his Social Security payments. If any changes in Representative Payee status are required, his United States Probation Officer should be notified.

5. Mr. Moton will voluntarily agree to abide by any treatment plans created by his treatment team.

6. Upon the recommendation of the medical provider or probation officer, Mr. Moton will voluntarily admit himself into a hospital for treatment. If he refuses and his continued release would create a substantial risk of bodily injury to himself, another person, or serious damage to the property of another, he should be subject to the provisions of 18 U.S.C. 4246(f).

7. Mr. Moton will be supervised by the United States Probation Office, Washington, DC. Currently Mr. Moton's case is assigned to Ms. Damaris Rodriguez-Feleke, telephone number: 202-565-1360. This includes his voluntarily signing a consent form allowing his mental health treatment providers to share information regarding his compliance with medication and other mental health and substance abuse appointments with the supervising United States Probation Officer, who will assist in evaluating his ongoing appropriateness for community placement.

8. Mr. Moton will remain under the supervision of the United States Probation Office until he is discharged from all mental health treatment and/or his federal civil commitment. The primary treatment provider may be changed with the approval of the United States Probation Office.

9. Mr. Moton will not have in his possession at any time any actual or imitation firearm, destructive device or other deadly weapon. He shall submit to a search without a warrant at the request of a probation officer or any law enforcement officer of his person, property including vehicle or premises for the purpose of determining compliance with this condition. Revocation of conditional release is mandatory for possession of a firearm.

10. Mr. Moton shall abstain from the use of alcohol, illegal narcotic substances or drugs. If determined necessary by the probation office, he will participate in substance abuse treatment and be required to participate in random drug and breathalyzer testing.

11. The United States Marshals Service shall be notified to return Mr. Moton to the custody of the Attorney General if it is determined that Mr. Moton has violated any conditions which are established for him.

12. Mr. Moton shall comply with the other standard conditions of release as proposed by the United States Probation Office.

13. Annual updates from the United States Probation Office shall be provided to the Court, to Assistant Federal Defender Charles McGinty, and to Assistant U.S. Attorney Jennifer Serafyn. If Mr. Moton remains in good standing with the conditions of his release, the Court may revisit Mr. Moton's civil commitment five years from his date of release and consider releasing Mr. Moton from his civil commitment, which ultimately would release him from the aforementioned conditions.

So ORDERED this 29th day of May, 2015.

/s/ Indira Talwani  
United States District Judge